Ralph A. Nappi, Esq. Attorney for the Port Wasington Police District
As attorney for the Port Washington Police District (District) you ask how to remove an elected commissioner of the District. Port Washington is in the Town of North Hempstead in Nassau County. We believe the District is unique as being the only town "police district" in the State of New York*.
The Nassau County Civil Divisions Act, § 801.0 subd 2 defines the word "district" as "any special or school district in the County of Nassau". The District is one of those special districts. If the "special districts" referred to in the Nassau County Civil Division Act are "improvement districts" as that term is used in Public Officers Law, § 36, that statute provides how and for what cause a commissioner of the District may be removed from office.
In order to resolve this question it is necessary to trace the legislative history of the District from its inception down to its present appearance in the Nassau County Civil Divisions Act. This makes for a complicated picture and if we analyze each step this opinion would be unduly long. Because this opinion can have only limited application (to districts in Nassau County) such length is avoided by the briefest possible references to statutes and their purpose and effects. We suggest that the statutes be read in the following order:
1. Chapter 233 of the Laws of 1920 enacted Town Law Article 14-A (sections 319 through 319-f). This authorized town police districts in Westchester and Nassau Counties run by appointed commissioners removable at will by the town board.
2. The Town Law was revised by Chapter 634 of the Laws of 1932. The revision did not continue authority to create town police districts but in section 203 it provided that districts then existing would continue under Town Law Article 12; section 341 subd 14 stated that an existing law would not be affected or impaired by the revision; and section 341 subd 10 authorized a referendum on petition to change from appointment to election of commissioners. It seems that all other districts in the Town of North Hempstead had referenda, except the District.
3. Chapter 845 of the Laws of 1934 made the District commissioners elective officers. No provision was made for their removal.
4. Public Officers Law, as enacted by Chapter 51 of the Laws of 1909, in section 36, contained a provision for removal of town and village officers by the court. Chapter 377 of the Laws of 1935 amended that section to include improvement district and fire district officers within its ambit.
5. The Nassau County Civil Divisions Act was then enacted as Chapter 273 of the Laws of 1939. Section 305.0 continued the District and section 306.0 provided that the commissioners would continue to be elective officers. We find no provision of the Nassau County Civil Divisions Act providing a method of removal of District commissioners.
6. Prior to the 1932 Town Law revision there was a separate article governing each kind of district, i.e.,
 Article 11 Sewers Article 11-A Sidewalks Article 11-B Public Docks Article 12 Lighting Article 13 Water Article 13-A Drainage of Agricultural Lands Article 14 Fire Article 14-A Police Article 14-B Police (Westchester County only) Article 15 Garbage Article 15-A Joint Garbage, Metal and Refuse Disposal and Collection.
Now, most town districts which may be created are provided for in Article 12. A notable exception is creation of districts relating to the fire service.
7. The 1935 amendment to Public Officers Law § 36 refers to officers of the above-mentioned town districts, which it refers to as "improvement districts". (Previous Town Law articles refer to the specific type of district, such as water district, garbage district, etc., with no employment of the term "special" or "improvement".)
8. Article 12 of the 1932 revision of the Town Law is labeled "District and Special Improvements", indicating interchangeability of the terms "special" and "improvement" in relation to districts. In Article 12, section 205 is entitled "Submission of proposition for consolidation of special districts or abolition of commissioners upon petition" and section 206 is entitled "Consolidation of special districts by the town board without petition". Here, again, you will note the interchangeability of these words.
9. The statutes still use the terms "special" and "improvement" interchangeably to refer to districts. Examples are:
Town Law, §§ 64-c; 208;
General Municipal Law, § 98-a;
County Law, § 233-b;
 Village Law, § 6-622 (prior to the revision thereof in 1972);
Civil Service Law, § 151;
Election Law, §§ 3-224, 14-100;
 Freedom of Information Law (generally throughout the whole statute);
Not-for-Profit Corporation Law, §§ 703, 705;
Real Property Law, § 339-y;
 Real Property Tax Law, §§ 102, 489-b, 489-s, 1439, 1710, 1712, 1713, 1750.
In our opinion, the terms "special district" and "improvement district" are synonymous and used interchangeably and the authority contained in Public Officers Law, § 36, for removal of an improvement district officer, is available to remove what is termed in the Nassau County Civil Divisions Act as special district officers, one of whom is a commissioner of the Port Washington Police District.
* See letter from the Honorable Frank C. Moore, Executive Secretary of the Association of Towns, dated May 11, 1934, addressed to Governor Lehman in relation to 1934 Assembly Bill Int. 565, Pr. 1800, which became Chapter 845 of the Laws of 1934.